604 So.2d 1107 (1992)
Tommy RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 76829.
Supreme Court of Florida.
April 9, 1992.
Rehearing Denied October 8, 1992.
Nancy A. Daniels, Public Defender and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Giselle D. Lylen, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Tommy Richardson appeals his conviction for first-degree murder and sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
By late 1989, Richardson had been living with Irene Newton and her six children for several years. For the three years prior to 1990, their home was a trailer in Campbellton, a small community near Marianna. Shortly after Christmas 1989, Newton made Richardson leave the trailer permanently. He returned several times asking to talk with her. On December 30, he *1108 approached Newton again but she told him to go away. At this time, Richardson overheard Newton tell one of her children to call the police. When officers arrived, Richardson ran into the woods. He returned as soon as the officers were gone, told Newton he had heard what she told police and that he was going to kill her.
On New Year's Eve 1989, Newton had been drinking heavily. Her blood alcohol was .21, and she was planning to go to a fish fry. Shortly after 8 p.m., Richardson showed up again and asked to talk. Newton cracked the door a bit, and Richardson forced his way in. The two began arguing, and Richardson pulled a pocket knife. Newton advanced toward him, and Richardson backed away. Still arguing, they both left the trailer. So did the children. Richardson walked to the end of the trailer with Newton following him. At this time, Richardson reached down to the tongue of the trailer, picked up a shotgun he had placed there earlier, and shot Newton. The victim fell down, and the children ran for help. Witnesses heard a second shot.
When police arrived, they discovered Richardson lying on the ground near Newton. He was wounded with a shotgun blast. She was dead. Richardson was taken to a hospital and treated. There, he later gave a detailed statement to police in which he contended that both shotgun blasts were accidental, occurring during a tussle with Newton. Later, Richardson also confessed to an officer while being transported in a patrol car. Both confessions were preceded by Miranda warnings.[1]
At trial, medical evidence showed that Newton had suffered a gun blast to the chest that punctured the heart. Death probably was not instantaneous, but occurred only after sufficient blood seeped into the chest cavity to prevent the heart's beating. There also was evidence that the gun blast that struck Richardson himself could not have been accidental. The trial court's sentencing order expressly found that Richardson attempted suicide because of remorse for what he had done.
The jury recommended death by a vote of eleven to one. The trial court found that the killing was heinous, atrocious, or cruel; and that the killing was cold, calculated, and premeditated. In mitigation, the court found that Richardson: had no significant history of prior criminal activity; was under extreme mental or emotional disturbance; and was genuinely remorseful. The trial court imposed the death penalty.
Richardson raises a number of issues on appeal. First, he argues that his confessions should have been suppressed. We disagree. While we acknowledge that an expert said Richardson appears to be mildly retarded, the overwhelming body of evidence in the record strongly supports the conclusion that he voluntarily and knowingly confessed. We can find nothing in the record showing he lacked this capacity. We also disagree that the trial court's order denying the motion to suppress was deficient for failure to expressly make a finding of voluntariness. The officers who received the confessions appropriately read Richardson his rights and testified that he was alert and had his wits about him. Counsel for the defense argued a lack of voluntariness, and the trial court was unpersuaded. As we have held elsewhere, the trial court need not recite an express finding of voluntariness if it is clear from the context that this is what is being done. Hoffman v. State, 474 So.2d 1178, 1182 (Fla. 1985). Such is the case here.
As his second issue, Richardson contends that a continuance should have been granted because a firearm expert's report was not available to the defense until a week before trial. This report retracted the expert's earlier assertion that one of two shell casings at the scene may not have come from the murder weapon. The defense apparently hoped to use this testimony to establish the existence of a second weapon or gunman. We agree that one week was inadequate in a case of this severity, but we can only find the error harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. *1109 1986). This murder was committed in front of a large number of witnesses, each of whom said Richardson was the one who shot Newton. Richardson himself confessed to the crime. There is no reasonable possibility that the result of the proceedings below would have been different had the error not occurred.
Third, Richardson argues that the state committed error in asking the jury to show Richardson as much pity as he showed his victim. We agree this was error. Rhodes v. State, 547 So.2d 1201 (Fla. 1989). However, in light of the entire record, the error is harmless beyond any reasonable doubt. DiGuilio. This record establishes to a moral certainty that Richardson killed Newton, and there is no reasonable possibility the verdict would have been different in the absence of this error.
Fourth, Richardson contends that the trial court improperly found that the killing in this instance was heinous, atrocious, or cruel. We agree. The United States Supreme Court recently has stated that this factor would be appropriate in a "conscienceless or pitiless crime which is unnecessarily torturous to the victim." Sochor v. Florida, ___ U.S. ___, ___, 112 S.Ct. 2114, 2121, 119 L.Ed.2d 326, 339 (1992). Thus, the crime must be both conscienceless or pitiless and unnecessarily torturous to the victim. Id.
Turning to the facts at hand, we note that in Teffeteller v. State, 439 So.2d 840, 846 (Fla. 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 754 (1984), we expressly found heinousness, atrociousness, or cruelty absent in a killing involving a single sudden shot, even though the victim lingered in undoubted pain for several hours. The evidence here was that Newton was shot suddenly in the heart, lost consciousness, and died within moments. Thus, the factor of heinous, atrocious, or cruel is not permissible based on the present facts, because there was no pitiless or conscienceless infliction of torture.
As his fifth issue, Richardson argues that the trial court erred in finding that the present murder showed cold, calculated premeditation. We agree. While there is sufficient evidence to show calculation on Richardson's part, the record clearly establishes that the present murder was not "cold." Indeed, the facts of the present case are highly similar to those in Santos, in which a man enraged by a domestic dispute murdered his girlfriend and their mutual child. We reached this conclusion in Santos because there was no "calm and cool reflection, only mad acts prompted by wild emotion." Santos, 591 So.2d at 163 (citation omitted). Such is the case with Richardson. Richardson's actions were spawned by an ongoing dispute with his girlfriend, one that involved an obvious intensity of emotion. The eyewitnesses even testified that Richardson appeared angry, crazy, or mean when he shot Newton. Accordingly, the element of coldness, i.e., calm and cool reflection, is not present here. The factor of cold, calculated premeditation thus is not permissible.
Our conclusions in the above two issues eliminate the existence of all aggravating factors found by the trial court. Under Florida law, this necessarily means that death is an inappropriate penalty, because a defendant cannot be executed in the absence of aggravating factors. Banda v. State, 536 So.2d 221, 225 (Fla. 1988), cert. denied, 489 U.S. 1087, 109 S.Ct. 1548, 103 L.Ed.2d 852 (1989). Accordingly, the remaining issues raised by the parties are rendered moot and will not be addressed. Richardson's conviction is affirmed and his sentence is reduced to life in prison without possibility of parole for twenty-five years.
It is so ordered.
SHAW, C.J., BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON and McDONALD, JJ., concur in result only.
NOTES
[1] See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).